**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIMOTHY SHERIDAN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.  13-768 |
| THE UNITED STATES OF AMERICA | : | |
| | : | |
| Defendant. | : | |

**<u>MEMORANDUM</u>**

BUCKWALTER, S.J.                                                                                    June 4, 2013

  Currently pending before the Court is the United States' Motion to Dismiss Plaintiff

Timothy Sheridan's Complaint.  For the following reasons, the Motion is granted.

**I.**  **FACTUAL AND PROCEDURAL BACKGROUND**

  Timothy Sheridan is a pro se Plaintiff who is suing the United States to enjoin the Internal

Revenue Service ("IRS") from auditing him and collecting prior owed taxes as well as to

compensate him for misappropriated money.  The facts, as taken based on the Court's best

reading of his Complaint, are as follows.  Mr. Sheridan is the owner of a patent for a modern

vaporizer.  (Compl. at 3.)  Mr. Sheridan alleges that his patented vaporizer design was infringed

upon and that he suffered large economic losses as a result.  (Id.)  Mr. Sheridan claims that the

IRS has collected 99.9% of the income owed to him because of his vaporizer (twenty billion

dollars), thus violating his property rights.  (Id. at 3, 5.)  This loss of property has subsequently

caused him life threatening stress and chronic post traumatic health effects.  (Id. at 5.)  Mr.

Sheridan asks the Court to (1) grant an injunction against the IRS from taking "unreasonable actions against [him];" (2) grant "[e]stoppel of adverse actions by the IRS and people, including suits and attacks on my business;" (3) provide "[a]cknowle[ment of] the 'reasonable estimate of loss' provided to the IRS . . . as massive and overwhelming;" and (4) to "[c]ompel the IRS to return the misappropriated funds which were owed to plaintiff's property of patent."

On February 12, 2013, Mr. Sheridan filed suit in this Court. The United States filed a Motion to Dismiss the Complaint on April 15, 2013. Mr. Sheridan filed a Response in Opposition on April 29, 2013, and the United States filed a Reply Brief on May 9. The Court will now consider the merits of the Motions.

## II.     STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the power of a federal court to hear a claim or a case. Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). When presented with a Rule 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction does in fact exist." Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006).

There are two types of Rule 12(b)(1) motions. A "facial" attack assumes that the allegations of the complaint are true, but contends that the pleadings fail to present an action within the court's jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). If the complaint is deficient as pled, the court should grant leave to amend before dismissing it with prejudice. Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). The motion should only be granted if it appears with certainty that assertion of jurisdiction would be improper. Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000).

2

The second form of a Rule 12(b)(1) motion is a "factual" attack, which argues that, while the pleadings themselves facially establish jurisdiction, one or more of the factual allegations is untrue thereby causing the case to fall outside the court's jurisdiction. Mortensen, 549 F.2d at 891. In such a case, the court must evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case" is at issue. Id.; Carpet Grp., 227 F.3d at 69.

## III.    DISCUSSION

The United States moves to dismiss Mr. Sheridan's Complaint as being barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). The Act states, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." There is one judicially created exception to the Act, which provides that "an injunction may be obtained against the collection of any tax if (1) it is 'clear that under no circumstances could the government ultimately prevail' and (2) 'equity jurisdiction' otherwise exists, i.e., the taxpayer shows that he would otherwise suffer irreparable injury." Commissioner v. Shapiro, 424 U.S. 614, 627 (1976) (quoting Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962)); see also Flynn v. United States, 786 F.2d 586, 589 (3d Cir.1986).

Mr. Sheridan's case must be dismissed because he has not met either requirement of the exception. Even after taking every inference in favor of Mr. Sheridan—particularly due to his status as a pro se Plaintiff—he has not demonstrated in his Complaint or his Response in Opposition to the United States' Motion that it is clear the United States could not prevail or that equity jurisdiction exists. With regards to the first prong, in which the facts must be taken in a light most favorable to the government, Mr. Sheridan has simply not provided enough

information to show that under no circumstances would the United States prevail.  Mr.

Sheridan's failure to meet the second prong is of even more significance.  Mr. Sheridan cannot

demonstrate equity jurisdiction because he has failed to challenge the IRS's decision by filing a

refund claim with the Service as required by 26 U.S.C. § 7422(a).  This section provides:

> No suit or proceeding shall be maintained in any court for the recovery of any
> internal revenue tax alleged to have been erroneously or illegally assessed or
> collected, or of any penalty claimed to have been collected without authority, or of
> any sum alleged to have been excessive or in any manner wrongfully collected, until
> a claim for refund or credit has been duly filed with the Secretary, according to the
> provisions of law in that regard, and the regulations of the Secretary established in
> pursuance thereof.

Id.  Because there is no indication that Mr. Sheridan has filed such a claim with the service, this

Court cannot find that equitable jurisdiction exists.

## IV.    CONCLUSION

In light of the foregoing, the United States Motion to Dismiss is granted.  Because Mr.

Sheridan has a statutory recourse available to him, and there is no reason to believe that giving

leave to amend would not be futile, the Complaint is dismissed with prejudice.

An appropriate Order follows.

4